THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Melissa Anne Arcolio<br><br>        Plaintiff,<br><br>v.<br><br>Utah Administrative Office of the Courts, et al.<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER TEMPORARILY GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>Case No. 2:25-cv-1156 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Dustin B. Pead |

Before the court are two motions from pro se Plaintiff Melissa Anne Arcolio.[1] Plaintiff moves the court for Alternative Service and Request for Service by Electronic Means.[2] Plaintiff also moves the court for Leave to Proceed in forma pauperis (IFP).[3] Plaintiff fails to establish a sufficient reason to allow alternative service and Plaintiff's Complaint fails to provide sufficient facts to establish a cause of action. Therefore, the court denies the Motion for Alternative Service, Temporarily Grants the IFP Motion, and Orders Plaintiff to file an Amended Complaint on or before February 13, 2026.

## BACKGROUND

According to pro se Plaintiff Melissa Arcolio, this is a federal civil rights action arising from a

---

[1] This matter is referred to the undersigned from Judge Howard Nielson pursuant to 28 U.S.C. § 636(b)(1)(A).

[2] ECF No. 4.

[3] ECF No. 5.

coordinated and retaliatory course of conduct by state actors, municipal entities, law enforcement agencies, judicial entities, and private housing and legal actors that resulted in Plaintiff's homelessness, medical destabilization, denial of disability accommodations, obstruction of access to the courts, and ongoing retaliation for protected whistleblower activity.[4]

Plaintiff suffers from "Functional Neurological Disorder: with seizure-like episodes."[5] Plaintiff provides under the factual allegations that Defendants engaged in a pattern of conduct that included the following:

- Denial of reasonable ADA accommodations;

- Retaliatory eviction actions;

- Suppression and manipulation of court filings and records;

- Issuance of adverse court orders during documented medical emergencies;

- Use of law enforcement and welfare checks as intimidation tools;

- Coordination between courts, municipalities, law enforcement, and private actors to obstruct Plaintiff's rights;

- Forced homelessness and medical destabilization.[6]

Based on these alleged violations, Plaintiff seeks judgment, permanent injunctive relief, compensatory and punitive damages and costs.

## DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis*. Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines

---

[4] Complaint at 2.

[5] *Id.*

[6] *Id.* at 4.

that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[7]

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.[8] The Tenth Circuit has explained that compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[9] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[11] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[12] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[13]

---

[7] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[8] Fed. R. Civ. P. 8.

[9] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[10] *Id.*

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 557, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 662, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[12] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[13] *Twombly,* 550 U.S. at 555 (citation modified).

The court finds Plaintiff's Complaint fails to meet the required pleading standards and offers nothing more than labels and conclusions. Plaintiff lists claims for relief with no factual basis supporting them. Further, there is nothing offered that gives defendants fair notice of which claims are asserted against them, nor any grounds upon which they rest. In short, Plaintiff's Complaint is severely deficient.

Finally, there is no merit to Plaintiff's Motion for Alternative Service. Plaintiff asserts she is disabled, and her medical condition makes physical travel and in-person service dangerous and potentially life-threatening. Under the IFP statue however, a plaintiff is not responsible for service. When a plaintiff is granted IFP status, the district court is required to serve process for the plaintiff.[14] Thus, there is no basis for Plaintiff's Motion.

## CONCLUSION

For the reasons state above,

1. Plaintiff's Motion for Alternative Service is DENIED.[15]

2. Plaintiff's Motion to Proceed IFP is temporarily GRANTED.[16]

3. Plaintiff is ORDERED to file an Amended Complaint by **February 13, 2026.** The words "Amended Complaint" should appear in the caption of the document.

4. Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

5. Other than an Amended Complaint and court forms, Plaintiff must not file any other documents during the time the complaint is screened or until the court orders otherwise. If Plaintiff files any other such documents, they will be lodged

---

[14] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases" ....); Fed.R.Civ.P. 4(c)(2) (the appointment of a U.S. marshal or other officer to perfect service "must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 ...."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (noting the requirement to serve process when a plaintiff is granted in forma pauperis status).

[15] ECF No. 4.

[16] ECF No. 2.

        on the docket and will not be addressed until screen of the complaint is completed.

6.      Failure to file a timely Amended Complaint will result in dismissal of this action.

DATED this 21 January 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah